N. L. DUNCAN v. JOHN R. RICHARDS, Admr., et al.

Eastern Section. June 25, 1927.

Petition for Certiorari denied by Supreme Court, February 10, 1928.

J. B. Burnett, of Clinton, for appellant.
J. H. Underwood, of Clinton, for appellee.

THOMPSON, J. Mr. J. C. Edwards, who lived at Oliver Springs, Tennessee, died intestate, and one of the defendants, John R. Richards, was appointed by the county court of Anderson county as the Administrator of his estate.

A proceeding was instituted in the chancery court of Anderson county whereby the real estate of the deceased, J. C. Edwards, was sold for distribution among his heirs. At the time the cause at bar was instituted a part of the proceeds of said real estate was in the hands of the Clerk and Master. This real estate or the proceeds thereof was the only property belonging to the estate of said J. C. Edwards, deceased and, as we understand the record, the defendant, John R. Richards, as Administrator, was a party to said proceedings.

On or about August 14, 1925, the complainant, N. L. Duncan, filed the original bill in this cause against John R. Richards as Administrator, and S. V. Brock, Clerk and Master of the chancery

court of Anderson county, at Clinton, Tennessee, and in effect prayed that said bill be treated as an intervening petition in the above-mentioned cause, and sought to reach the proceeds of said real estate in the hands of said Clerk and Master; the bill, of course, seeking a judgment against John R. Richards as the Administrator of the estate of J. C. Edwards, deceased.

The theory of complainant's bill and right to recover is as follows:

That during the early part of the year 1922, C. C. Liles and J. C. Edwards as principals, and N. L. Duncan, R. L. Arms and J. K. Duncan as sureties, executed a negotiable promissory note in the sum of $500, and payable one year after date, to Mr. Sam Tunnell; that Tunnell brought suit before a Justice of the Peace at Wartburg against said sureties, N. L. Duncan, R. L. Arms and J. K. Duncan, and recovered a judgment against them upon said note; that said N. L. Duncan, being the only solvent surety, paid said judgment and costs (amounting to $600.81); that C. C. Liles prior to the maturity of said note had been adjudged a bankrupt and freed from liability upon said note; that J. C. Edwards had died prior to the maturity of said note, and that neither Liles nor Edwards had been made a party defendant to said suit. In short, the theory is that Liles and Edwards, were principals or makers of said note, and that complainant Duncan, was an endorser; and that complainant, having paid said note, was entitled to recover from the estate of Edwards who was one of the makers or principals.

Upon the final hearing, the Chancellor made and entered a finding of facts and decree as follows:

"This cause came on this day to be heard, by consent, before the Hon. J. H. Wallace, Chancellor, upon the bill of complainant, the answer of the defendant, and entire record, from all of which it appears that C. C. Liles as principal borrowed $500 from Sam Tunnell, and executed his note therefor, and that J. C. Edwards, N. L. Duncan, J. K. Arms and R. L. Arms endorsed said note, but it does not appear from the proof in what capacity the said J. C. Edwards signed said note. The original note having been lost and no copy thereof having been proven and filed as evidence in this cause. It not appearing to the court in what capacity said J. C. Edwards signed the said note, he is therefore, deemed to have signed the note as endorser, and as such endorser he was entitled to notice of demand and protest, as an endorser in blank; and further that there is no proof of said notice, and that the burden is on the complainant to prove said notice.

"It is, therefore, ordered and decreed by the court that the said J. C. Edwards signed the note sued on in this case as an accommodation endorser, before delivery and in blank, and that

he as such was entitled to notice, and that no notice was given him as required by law, and that he is not liable on said note as endorser or otherwise, nor is his estate so liable.

"It is therefore ordered and decreed by the court that the bill of the complainant be and is hereby dismissed, and that he and John A. Jones, sureties on his cost bond pay all the costs of this cause, for which execution will issue."

There is no contention upon the part of the complainant that there was any notice of demand and protest, but the assignment of errors challenges the finding of the Chancellor that Edwards signed as an endorser instead of principal or maker.

The assignment of errors also challenges the action of the Chancellor in excluding the evidence of some of complainant's witnesses to the effect that Edwards signed as principal or maker—the ground upon which said evidence was excluded being that the statements of the witnesses were mere conclusions and not statements of fact.

We do not agree with the Chancellor that the evidence fails to show that Edwards was a principal or maker because, in our opinion, the statements of the witnesses were statements of fact rather than conclusions. It was clearly proven that after complainant was sued upon the note and after he had paid the judgment, he withdrew said note and turned it over to his attorney, Mr. D. O. Harris, of Harriman, Tennessee, for the purpose of collecting from the estate of the maker, J. C. Edwards. Mr. Harris lost the note and it is shown without question that diligent search was made therefor but that the note could not be found. Both Mr. Harris and Judge John A. Jones, an attorney of Wartburg, testified that they had seen the note and that Edwards signed as principal or maker. The Justice of the Peace who rendered judgment on the note testified that he had the note in his hands at the time he rendered judgment and that Edwards had signed as principal or maker. Mr. Tunnell, the payee of the note, testified that he considered Edwards as a principal or maker rather than an endorser. It is true that with the exception of complainant's own testimony none of the witnesses state in so many words the exact position of Edwards' signature on the note, but we think their testimony that he signed as a principal or maker was testimony as to a fact and not a mere conclusion.

In addition to this, a certified copy of the judgment rendered by the Justice of the Peace was introduced in evidence and it shows that the case was docketed as follows:

"Sam Tunnell v. R. L. Arms, N. L. Duncan and J. K. Duncan as Sureties for C. C. Liles and J. C. Edwards."

It is evident, therefore, that the Justice of the Peace and the attorney for Tunnell, at the time the suit was instituted considered that Edwards was maker rather than an endorser.

It also appears from the record that Sam Tunnell was a banker at Oliver Springs, Tennessee, and that Edwards lived at Oliver Springs. Liles appears to have been an illegitimate son of Edwards' and he lived at Petros. N. L. Duncan, R. L. Arms and J. K. Duncan all lived at Petros. Liles was interested in a corporation and needed money to finance the same. He appealed to Edwards for help and Edwards first told him that he thought he could let him have the money out of his own funds. Edwards then found that he did not have sufficient funds, so he went to Mr. Tunnell and arranged with him to make the loan. He (Edwards) and Liles signed the note in Tunnell's bank at Oliver Springs. Liles then took the note to Petros and induced the two Duncans and Arms to sign. Having secured their signatures, he turned the note over to Tunnell, who put the money to his (Liles') credit in the bank, and Liles checked it out to the corporation. It seems to us that these facts corroborate the contention of the complainant that Edwards was a principal or maker with Liles and that the two Duncans and Arms were accommodation endorsers.

Upon the whole case, we think the complainant made it satisfactorily appear that Edwards was a principal or maker, and that the Chancellor erred in finding and holding that he was an accommodation endorser. This being true, and complainant (himself an accommodation endorser) having paid the judgment upon the note, etc., he (complainant) is entitled to a recovery against the estate of said J. C. Edwards, deceased.

A decree will accordingly be entered in complainant's favor, and the cause will be remanded to the lower court to the end that complainant may exercise whatever rights he may have of reaching the funds in the hands of the defendant, Clerk and Master.

Portrum and Snodgrass, JJ., concur.